CHARLES H. MARSHALL and Others, Plaintiffs, *v.* MARIE FRIEDMAN and NORTH SIDE SAVINGS BANK, Defendants.

Supreme Court, Special Term, New York County, March 6, 1941.

*Tibbetts, Lewis, Lazo & Welch,* for the plaintiffs.

*Martin J. Lyons, Jr.,* for the sheriff of the county of Bronx.

*Adolph E. Gutzsell,* for the defendant North Side Savings Bank.

EDER, J. This is a motion by the defendant North Side Savings Bank, made under the provisions of subdivision 6 of section 239 of the Banking Law, for an order interpleading and adding as a party defendant herein the sheriff of the county of Bronx. The defendants in this action are Marie Friedman and the bank. This action is brought against the bank to recover moneys on deposit therewith, and it is alleged that there is a person or persons not parties to the action who claim the same fund. The action herein was commenced on January 11, 1941; both defendants appeared and were served with copies of the complaint; neither defendant has served an answer. The defendant Marie Friedman moved to dismiss the complaint or in the alternative to have it amended in certain respects; the motion was granted to the extent of striking out certain paragraphs and giving the plaintiffs leave to serve

an amended complaint within ten days: the amended complaint has not been served and the plaintiffs' time in which to serve such an amended complaint has not begun to run because the plaintiffs have not been served with a copy of the order with notice of entry.

It appears from the papers — that is the allegation made — that one Max Friedman stole from plaintiffs a large sum of money; thereafter the plaintiffs brought suit against him for the entire amount of such thefts and recovered a judgment against him. During the course of investigations it was learned that there was an account in the defendant bank in the name of the defendant Marie Friedman, and thereupon plaintiffs procured a warrant of attachment which was executed by the sheriff of the county of Bronx; the said warrant of attachment has never been vacated, set aside or satisfied and is still in full force and effect. The plaintiffs brought this action on the theory that the defendants Marie Friedman and the bank had in their possession money rightfully belonging to the plaintiffs. The claim of the plaintiffs is, at least that is their assertion, that the money in said account is part of the money stolen by Max Friedman.

The movant asks that the sheriff be impleaded and added as a party defendant and if Marie Friedman be not then a party to this action by also impleading her and adding her as a party defendant. The plaintiffs have no objection and join in the application. The sheriff opposes and asserts that he makes no claim to the moneys of said account, except to hold the same subject to the further order or direction of this court. He makes the further claim that there is no authority in law for the sheriff to be made a party defendant in this type of action and that he can only be made a party plaintiff in an action to reduce to possession the fund in question. The sole contention of the sheriff is that until the warrant of attachment has been released, vacated or annulled, the only action which may be brought is one pursuant to section 922 of the Civil Practice Act, by the sheriff alone as party plaintiff or an action pursuant to sections 943 and 944 of the Civil Practice Act by the plaintiffs and the sheriff jointly; he, therefore, asks that this motion to interplead be denied.

All counsel appear to unite in expressing their inability to discover any prior ruling upon the question. The position of the defendant bank is that it is merely a stakeholder and seeks to be granted relief from this distressing situation.

Paragraph a of subdivision 6 of section 239 of the Banking Law, upon which defendant bank predicates its right to make this application, among its various titles, reads, " deposits adversely claimed, interpleader in certain actions," and provides as follows:

" In all actions against any savings bank to recover moneys on deposit therewith, if there be any person or persons, not parties to the action, who claim the same fund, the court in which the action is pending may, on the petition of such savings bank, and upon eight days' notice to the plaintiff and such claimants, and without proof as to the merits of the claim, make an order amending the proceedings in the action by making such claimants parties defendant thereto; and the court shall thereupon proceed to determine the rights and interests of the several parties to the action in and to such funds. The remedy provided in this section shall be in addition to and not exclusive of that provided in the Civil Practice Act." This section and the object thereof find a close resemblance to section 287-b of the Civil Practice Act, which I had recent occasion to discuss. (*Hencer Corp.* v. *Stolz*, N. Y. L. J. Feb. 15, 1941, p. 716.)

Subdivision 1 of section 922 of the Civil Practice Act, so far as here germane, entitled " Actions and special proceedings by sheriff," reads as follows: " In the event that the person owing any debt to the defendant, or holding property, effects or things in action of the defendant or interest therein subject to attachment, on which a levy under a warrant has been made, as in this act provided, shall fail or refuse to deliver such personal property attached, or to pay or assign to the sheriff the said debt, effect or thing in action, or interest therein, the sheriff may, and if indemnified by the plaintiff as hereinafter provided, must, within ninety days after the service of the certified copy of the warrant on such person, commence an action or special proceeding to reduce to his actual custody all such personal property capable of manual delivery, and to collect, receive and enforce all debts, effects and things in action attached by him, and may maintain any such action or special proceeding in his name or in the name of the defendant for that purpose." Section 943 of the Civil Practice Act, entitled " Action by plaintiff and sheriff jointly," so far as here pertinent, provides: " The plaintiff, by leave of the court or judge, procured as prescribed in the next section, may bring and maintain, in the name of himself and the sheriff jointly, by his own attorney, and at his own expense, any action which, by the provisions of this act, may be brought by the sheriff, to recover property attached, or the value thereof, or a demand attached, or upon an undertaking given as prescribed in this article, by a person other than the plaintiff."

Sections 922 and 943 have a common purpose and whether brought under the one provision or the other, it is an action in aid of the attachment and is merely auxiliary and incidental to

the main suit. By virtue of these provisions the sheriff becomes an adverse claimant, to the extent of his right to maintain the action, though he makes no claim of title in the same sense as an adverse claimant does; his adverse claim is in the nature of a claim of interest in or right to the possession or custody to the extent of effectively carrying out the command of the warrant of attachment, and this constitutes him an adverse claimant. Thus, by fair and reasonable construction, he comes, I think, within the purview of section 287 of the Civil Practice Act, and paragraph a of subdivision 6 of section 239 of the Banking Law, as an adverse claimant. Even without the aid of the mentioned provision of the Banking Law, I am of the opinion that defendant bank would be entitled to the relief here sought under section 287 of the Civil Practice Act. I think, too, that these statutes, having, obviously, the same objects in view, may properly be regarded as being statutes *in pari materia*, and so may be read and construed together as constituting one law. But whether this be so or not, it seems clear to me that the afore-mentioned provision of the Banking Law authorizes the instant application. It is enough, under its provisions, that there is asserted a " *claim* " to the *same fund*, and this fact appearing, it is sufficient, " without proof as to the merits of the claim," to authorize an application for interpleader. There is nothing in the mentioned provisions of the Civil Practice Act, as far as I am able to discern, and, certainly, nothing in said provision of the Banking Law, which make sections 922 and 943 of the Civil Practice Act exclusive as the sole course and remedy available, nor am I able to perceive any prohibition against making the sheriff a party defendant in such a situation as this. Rather, I think, these provisions, and certainly paragraph a of subdivision 6 of section 239, were designed to meet any situation which may arise, where a claim to the same fund is made, whether by the sheriff or by any one else. It is remedial legislation, of very broad scope, designed to relieve the bank of embarrassment and predicament, and being remedial, is to receive a liberal and not a restricted construction; this is evident from the concluding sentence of this provision: " The remedy provided in this section shall be in addition to and not exclusive of that provided in * * * the Civil Practice Act."

I find nothing in the law which compels the stakeholder to wait upon the will of the sheriff or the plaintiff in the action in which the attachment was procured, to bring suit; if this premise is followed to an ultimate conclusion, it would result in paragraph a of subdivision 6 of section 239 being rendered ineffective and affording no relief or benefit whatever to the bank, since it cannot

avail itself of these provisions of the Civil Practice Act upon which the sheriff relies.

In the absence of any provision prohibiting the sheriff from being interpleaded, and giving due weight to what I believe the Legislature intended by the enactment in question, and the object sought to be attained by it, it is my conclusion that the movant is entitled to the relief sought, and the motion is accordingly granted. Settle order.